UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LYDIA B. BOURGEOIS, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 06-6098** |
| **FREDDIE JOHNSON, JR., ET AL.** | * | **SECTION "L"(2)** |

### ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 6). For the following reasons, the Plaintiffs' Motion to Remand is DENIED.

**I.    BACKGROUND**

This case arises from a dispute regarding flood insurance coverage for the Plaintiffs' home located at 7311 Springlake Drive in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are Allstate Insurance Company ("Allstate"), the Plaintiffs' homeowners' and flood insurance carrier, and Freddie Johnson, Jr., an Allstate agent. The Plaintiffs' flood insurance policy was issued pursuant to the National Flood Insurance Program.[1]

In August of 2006, the Plaintiffs filed the present action in the Civil District Court for the Parish of Orleans, State of Louisiana. The Plaintiffs allege that they are entitled to payment from Allstate and Johnson for damages and losses to the property because Plaintiffs' did not have insurance due to the Defendants' negligence. Specifically, the Plaintiffs allege that the Defendants "failed to notify Plaintiffs that flood and homeowners' coverage was cancelled."

---

[1] Congress created this Program with the passage of the National Flood Insurance Act of 1968, Pub. L. No. 90-448, §§ 1301-1377, 82 Stat. 476, 572-89 (codified at 42 U.S.C. §§ 4001-4129).

Allstate removed this case to federal court on September 18, 2006, contending that this Court has jurisdiction under any of the following provisions: (1) federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 4072; (2) commerce clause jurisdiction under 28 U.S.C. § 1337; and (3) the Federal Officer Removal Statute, 28 U.S.C. § 1442. On September 27, 2006, the Plaintiffs filed the instant motion to remand.

**II.    LAW & ANALYSIS**

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

In this matter, "Allstate is sued not just as the issuer of a private homeowner's policy, but also as the issuer of a federal flood insurance policy." *Breakthrough Realty Unlimited, LLC v. Minor*, No. 06-2420, 2006 WL 2224753, at *2 (E.D. La. Aug. 2, 2006). The National Flood Insurance Act grants federal courts original exclusive jurisdiction over lawsuits against the Director of FEMA for denials of claims made by insured individuals under their Standard Flood Insurance Policy ("SFIP"). *See* 42 U.S.C. § 4072. Section 4072 has been held to also apply to suits against private insurers who issue SFIPs under the Write Your Own Program. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir. 2005); *Landry v. State Farm Fire & Cas. Co.*,

428 F. Supp. 2d 531, 532-36 (E.D. La. 2006).[2]

Courts in the Eastern District have consistently found that federal question jurisdiction exists when the plaintiff's claim relates to the handling of an SFIP.  *See, e.g., Newman v. Allstate Ins. Co.*, No. 06-3757, 2006 WL 2632116 (E.D. La. Sept. 12, 2006); *Breakthrough Realty Unlimited, LLC v. Minor*, No. 06-2420, 2006 WL 2224753 (E.D. La. Aug. 2, 2006).  But federal question jurisdiction does not exist when the plaintiff's claim relates only to the procurement of such a policy.  *See, e.g., Landry*, 428 F. Supp. 2d at 532-36; *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566, at *3-5 (E.D. La. Sept. 20, 2006).  The Court finds that the Plaintiffs in this case have asserted claims related to the handling of an SFIP, namely that their "policy was improperly cancelled by the defendants and should have remained in effect at the time of loss," and thus that federal question jurisdiction exists in this case.  *Newman*, 2006 WL 2632116, at *2.[3]

## III.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is DENIED.

New Orleans, Louisiana, this   7th   day of    February   , 2007.

_____

UNITED STATES DISTRICT JUDGE

---

[2]  For a detailed discussion of the National Flood Insurance Act and SFIPs, see *Houck v. State Farm Fire & Casualty Co.*, 194 F. Supp. 2d 452, 454-55 (D.S.C. 2002).

[3]  Accordingly, the Court need not address Allstate's alternative theories of federal jurisdiction.